**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Amarilis González Pérez, personally and on behalf of minor IBG,<br><br>Plaintiffs,<br><br>v.<br><br>Department of Education of Puerto Rico, and the Commonwealth of Puerto Rico,<br><br>Defendants. | Case No. 26-cv-1662<br><br>Attorney's Fees and Costs pursuant to 20 U.S.C. § 1415(i)(3)(B) |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

**INTRODUCTION**

1. This action is brought by Mrs. Amarilis González Pérez, both personally and on behalf of her minor son, IBG, to recover attorney's fees and costs.

2. IBG is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3. This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a disability who is a prevailing party in an administrative

proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

**PARTIES**

6. Plaintiff Ms. Amarilis González Pérez is the mother and legal custodian of minor IBG. See **Exhibit 1**, Unsworn Statement under Penalty of Perjury signed by Ms. Amarilis González Pérez on August 21, 2026.

7. Plaintiff IBG is a seven-year-old student diagnosed with autism spectrum disorder, level 2, speech and language impairments, sensory and visual-motor coordination difficulties, perceptual and fine-motor difficulties, and developmental delay, all of which require specialized instruction and related services to access a free appropriate public education (FAPE).

8. IBG resides with his parents in the Municipality of Carolina, Puerto Rico, at the following physical and postal

address: Urb. Villa Carolina, Calle 100, Bloque 131 #26, Carolina, P.R. 00985.

9. IBG is duly registered with the Department of Education of Puerto Rico ("PRDOE") as a child with disabilities with student registration number 35281646 and is registered in the PRDOE's Carolina District, San Juan Region.

10. As a child with disabilities, IBG is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the PRDOE.

11. Plaintiffs respectfully request that this Honorable Court order defendants to pay the attorney's fees and costs to which they are entitled as prevailing parties in administrative due process case number QEE-2425-25-06-01924, as well as those incurred in prosecuting the instant action.

12. The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

13. As a recipient of federal funding under the IDEA, the PRDOE is responsible for providing a free appropriate public education suited to the individual needs of minor IBG, a child with disabilities.

14. The physical address of the PRDOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is PO Box 190759, San Juan, PR 00917.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

16. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is 677 Teniente César González Street, Jesús T. Piñero Avenue Corner, San Juan, PR, 00918, and postal address is PO Box 9020192, San Juan, PR 00902-0192.

**STATEMENT OF THE CASE**

17. On June 10, 2025, plaintiffs filed administrative due process complaint number QEE-2425-25-06-01924, asserting that the PRDOE had failed to provide IBG with a free appropriate public education (FAPE) for the 2024-2025, and 2025-2026 school years.

18. Plaintiffs requested declarations that the PRDOE had denied IBG a FAPE; reimbursement for private educational services during the 2024-2025 school year; private placement and purchase of educational services at the Instituto de Desarrollo del Niño private school for the 2025-2026 school year; an individual

services assistant; several evaluations and related services; compensatory services; and a certified, updated copy of IBG's academic record.

19. The case was presided over by Administrative Law Judge Ruz Idali Torres Orengo, Esq.

20. The administrative hearing process included proceedings held on July 8, July 21, September 11, and September 19, 2025, during which the parties presented testimonial and documentary evidence concerning the adequacy of the educational program and proposed placement.

21. On October 11, 2025, ALJ Torres Orengo issued a Partial Resolution finding that the PRDOE had failed to provide IBG the free appropriate public education required by the IDEA and ordering an urgent IEP team meeting, to be held on or before October 24, 2025, to develop a complete IEP and an individualized private-school services proposal.

22. On October 24, 2025, the IEP team met and approved amendments to IBG's 2025-2026 IEP, including newly accepted evaluations, revised therapy frequency and modality, and academic goals in science, English, and social studies.

23. Plaintiffs notified compliance with the Partial Resolution on October 28, 2025.

24. After additional proceedings, the parties reached agreements resolving the remaining controversies and, on November 14, 2025, jointly requested that the administrative forum adopt their agreements and issue a consent resolution.

25. On December 8, 2025, ALJ Torres Orengo issued a Final Resolution granting the administrative due process complaint, adopting the parties' agreements, ordering the purchase of private educational services for IBG at the Instituto de Desarrollo del Niño private school for the entire 2025-2026 school year, and requiring the PRDOE to reimburse plaintiffs $5,887.00 for tuition and monthly payments made for the 2024-2025 school year.

26. By obtaining findings that the PRDOE denied IBG a FAPE, an order requiring the development of an appropriate IEP and educational-services proposal, private placement at public expense, and monetary reimbursement, plaintiffs achieved prevailing-party status required by 20 U.S.C. § 1415(i)(3)(B) and the judicial imprimatur required by Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001).

27. The Final Resolution and Order issued by ALJ Torres Orengo on December 8, 2025 was not appealed by the PRDOE and is final.

28. Plaintiffs are therefore entitled to recover the reasonable attorney's fees and costs incurred in the administrative proceedings, together with all additional attorney's fees incurred in this federal litigation.

29. Plaintiffs reserve the right to seek recovery of taxable costs related to this federal action via a timely Bill of Costs pursuant to Local Civil Rule 54(b) following the entry of judgment.

**CAUSE OF ACTION**

30. Plaintiffs re-allege and incorporate paragraphs 1 through 29 of this Verified Complaint.

31. IDEA’s section 1415(i)(3)(B) provides that a federal district court can award attorney’s fees and costs to the parents or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. See also 34 C.F.R. § 300.517(a)(1)(i).

32. The ALJ’s Final Resolution and Order formally granted and incorporated the relief sought by plaintiffs, thereby legally obligating and compelling the PRDOE to provide the minor student with the educational services and placement requested in the administrative due process complaint.

33. Consequently, this administrative order worked a material alteration in the legal relationship between the parties

and carries the requisite judicial imprimatur to establish plaintiffs as prevailing parties under 20 U.S.C. § 1415(i)(3)(B), satisfying the standards established in Buckhannon and applicable First Circuit precedent. See, e.g., Aronov v. Napolitano, 562 F.3d 84, 90 (1st Cir. 2009)

34. As prevailing parties, plaintiffs are entitled to recover reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

35. Plaintiffs therefore seek an award of attorney's fees and costs incurred in connection with administrative case number QEE-2425-25-06-01924, together with all additional fees and costs incurred in the prosecution of this action until its final resolution.

36. Attached to this Verified Complaint as Exhibit 2 is a detailed invoice reflecting the legal services rendered by plaintiffs' counsel to date in administrative case number QEE-2425-25-06-01924, as well as in the preparation and filing of the instant complaint. See **Exhibit 2**, invoice number 16583.

37. All costs and time entries itemized in Exhibit 2 were necessarily incurred in preparing for and successfully prosecuting administrative case QEE-2425-25-06-01924, as well as in the initiation of this civil action.

38. The hourly rate charged for the services provided by the undersigned attorney is $175.00 per hour, charged in increments of one tenth of an hour (.10).

39. The undersigned current $175.00 hourly rate was deemed reasonable by this Honorable Court for special education litigation in Puerto Rico in Vélez-Pellot v. Dep't of Educ. of Puerto Rico, Case No. 25-cv-1151 (PAD) (D.P.R. September 30, 2025), ECF 22 at 8.

40. The undersigned attorney's previous hourly rate of $150.00 was established in the early 2010s and consistently upheld by this Honorable Court as reasonable and appropriate for special education litigation in Puerto Rico throughout the past decade. See Guerrero-Poche v. Dep't of Educ. of Puerto Rico, No. 16-2426, 2017 U.S. Dist. LEXIS 67636, 2017 WL 1653268 (D.P.R. May 2, 2017); Ortiz-Cardona v. Dep't of Educ. of Puerto Rico, No. 15-3121, 2017 U.S. Dist. LEXIS 72501 (D.P.R. March 24, 2017); Santoni-Marzán v. Dep't of Educ. of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v. Dep't of Educ. of Puerto Rico, No. 16-2424 (D.P.R. September 14, 2016)(ECF No. 17)(Gelpí, J.).

41. The undersigned attorney is a sole practitioner with twenty two years of experience actively litigating civil cases in

federal and state courts.

42. In May of 2000, the undersigned obtained a Bachelor of Science in Business Administration degree with majors in finance and Management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida.

43. The undersigned then obtained a *juris doctor* degree, with *cum laude* honors, from the University of Puerto Rico, School of Law, in June of 2003.

44. The undersigned was admitted to the Puerto Rico Bar shortly after graduating from law school, achieving a 97-percentile result in the bar exam, and was sworn in by the Puerto Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

45. On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

46. The undersigned was admitted to practice before this District Court on June 25, 2004 (Bar No. 221714), and before the U.S. Court of Appeals for the First Circuit on September 13, 2004 (Bar No. 100945).

47. Since 2004, the undersigned has actively litigated cases in federal and state courts.

48. As of this date, the undersigned serves as counsel in

multiple reported cases before this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of P.R., 255 F. Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of P.R., 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 170 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis

4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

49. For close to twenty years, counsel for the appearing parties has effectively represented clients in hundreds of special education cases before administrative forums across the Island, as well as in local and federal courts. See, e.g., Rojas-Mercado v. PRDOE, 2008-014-011, 2010-014-001; Delgado-López v. PRDOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907),

10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. PRDOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. PRDOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. PRDOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD).

50. Plaintiffs' counsel has litigated three IDEA cases before this District Court that resulted in published opinions. See Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

51. Considering the undersigned attorney's educational background, extensive litigation experience, and specialized practice in the field of special education law, as well as the present inflationary period and the increased costs of living and

operating a law practice in Puerto Rico, an hourly rate of $175.00 is reasonable and should be approved by this Honorable Court.

52. Plaintiffs' counsel's hourly rate of $175.00 falls within the prevailing market range for attorneys in Puerto Rico's legal community who handle specialized matters such as the case at bar.

53. Since the early 2000s, this District Court has ordered—and the Department of Education has accepted—hourly rates of $200.00 or higher in cases like the one at hand. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) (holding a $135.00 hourly rate reasonable for a less experienced Puerto Rico attorney almost thirty (30) years ago).

54. The undersigned counsel's hourly rate of $175.00, billed in one-tenth (.10) hour increments, is reasonable considering counsel's extensive experience and established track record of success in federal and state special education litigation.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiffs respectfully request that this Honorable Court enter judgment in their favor, holding defendants liable for the payment of the attorney's fees and costs incurred

in administrative due process case number QEE-2425-25-06-01924, together with all additional attorney's fees incurred in the prosecution of this federal action through its final resolution, and any other and further relief as this Court deems just and proper.[1]

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of October 2026.

/s/ Francisco J. Vizcarrondo Torres
Francisco J. Vizcarrondo-Torres
USDC No. 221714
PO Box 270302
San Juan, P.R. 00928-3102
Tel: 787-296-9521
fvizcarrondo@fjvtlaw.com
www.fjvtlaw.com

[1] Plaintiffs respectfully reserve the right to seek recovery of all taxable judicial costs related to this federal action via a timely Bill of Costs pursuant to Local Civil Rule 54(b) following the entry of judgment.